UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 10:38 am, Mar 20, 2018

| | |
|---|---|
| EVA DENISE PRIESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CV417-149 |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Eva Denise Priester seeks judicial review of the Social Security Administration's denial of her application for Supplemental Security Income (SSI) benefits.

## I. GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation

omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id*. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id*. § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id*. § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id*. § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[1] to perform her past relevant work. *Id*. § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir.

---

[1] At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

2

2015) (footnote added).

## II. ANALYSIS

Priester, who was 49 years old when her SSI application was filed and 51 when it was denied, alleges disability beginning March 15, 2006. Tr. 10, 17, 230. She has a "limited education," is able to communicate in English, and has no past relevant work. Tr. 16. After a hearing, the ALJ issued an unfavorable decision. Tr. 10-17. He found that plaintiff's diabetes with peripheral neuropathy, depression, and obesity constituted severe impairments but did not meet or medically equal a Listing. Tr. 12-14. Based on the evidence of record, the ALJ found that she retained the RFC for light work:

> . . . except that [she] can push and pull up to 10 pounds occasionally, stand and/or walk and sit up to 6 hours out of 8 hours with normal breaks. [She] can occasionally climb stairs and ramps, but never climb ropes, ladders or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She should have no concentrated exposure to heat, humidity, cold, gases, fumes and wetness, along with no unprotected heights and other hazards. Work should be limited to simple, routine work involving simple, work related decisions with few, if any, workplace changes and occasional interaction with co-workers, supervision, and the public.

Tr. 14.

Plaintiff, he determined, was capable of performing the

requirements of representative occupations such as cleaner/housekeeper (light work with an SVP[2] of 2 and reasoning level[3] of 1) and assembler (light work with an SVP and reasoning level of 2). Tr. 17. Priester disagrees, arguing that the ALJ failed to properly assess her mental residual functional capacity to work and erred in evaluating her subjective pain testimony. Docs. 14 & 16.

### A.  Plaintiff's Mental RFC

Based on the creditable evidence of record, the ALJ concluded that Priester retained the RFC to perform light work with several postural, mental, and environmental limitations. Tr. 14. Specifically, he concluded that she retained the ability to perform "simple, routine work involving simple, work related decisions with few, if any, workplace changes and occasional interaction with co-workers, supervision, and the public." *Id.* He based this limitation on the record as a whole, noting

---

[2]  Specific Vocational Preparation (SVP) is the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. DOT, App. C. An SVP of 2 includes "[a]nything beyond short demonstration up to and including 1 month." *Id.*

[3]  A job that is rated as having a reasoning level of 1 requires the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions," and a job that is rated as having a reasoning level of 2 requires the ability "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT, App. C.

that two agency reviewing physicians had concluded plaintiff had *no* mental impairment at all but that the record demonstrated she had mild restrictions in her activities of daily living, moderate difficulties with social functioning and concentration, persistence, and pace, and no episodes of decompensation. Tr. 13-15. Priester argues that the ALJ erred in formulating her mental RFC without a physician's opinion precisely delineating her mental limitations. Doc. 14 at 10-13.

An ALJ is entitled to formulate an RFC and resolve any ambiguity or inconsistency in the medical evidence, 20 C.F.R. §§ 416.927(d)(2), 946(c), based on the entire record, 20 C.F.R. §§ 404.1520a (evaluation of mental impairments), 416.945(a)(3) (the RFC is based on all the relevant evidence, including diagnoses, treatment, observations, and opinions of medical sources, as well as witness testimony). The RFC represents the most a claimant can do despite her limitations, SSR[4] 96-8p, and it is the ALJ's responsibility (and not any doctor's) to assess the RFC based on the record as a whole. *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th

---

[4] Social Security Rulings (SSR) "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1). SSRs are entitled to deference, but are not binding on the courts. *Fair v. Shalala*, 37 F.3d 1466, 1467 (11th Cir. 1994); *cf. Silveira v. Apfel*, 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings . . . unless they are plainly erroneous or inconsistent with the Act or regulations").

Cir. 2010) ("the task of determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctor's."); *see* 20 C.F.R. § 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c) (the ALJ has the responsibility for determining a claimant's RFC).  And, contrary to plaintiff's contentions, the ALJ can distill a claimant's RFC from an amalgamation of the record as a whole, without requiring a specific medical opinion to articulate a specific functional limitation.  *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question" because "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record").

Here, plaintiff has not pointed to *anything* in the record that demonstrates any functional limitation beyond "simple, routine work involving simple, work related decisions with few, if any, workplace changes and occasional interaction with co-workers, supervision, and the public." Tr. 14.  Various medical providers diagnosed her with depression and observed a "sad" appearance, but Priester often

6

disavowed depressive symptoms and presented with normal affect on examination. Tr. 15; *see, e.g.,* tr. 425, 434, 441, 454, 461, 466, 497, 514, 519, 523, 529, 545, 548, 556-57. She denied anxiety, depressed mood, stressors, and suicidal thoughts, *see* tr. 564, and had only a limited history of mental health treatment, none of which recorded disabling symptoms and complaints. Tr. 472-76, 482-85, 488-91. She self-reported caring for family, being independent in her activities of daily living, having hobbies, and engaging socially (attending church and using public transportation to get to appointments), all inconsistent with total disability. Tr. 15-16; *see* tr. 33, 49-52, 289-302. And despite testifying that her medications caused her to "drift off" and made her drowsy (tr. 46 & 47), she told the evaluating psychologist that she did not have any medication side-effects. Tr. 488. All of this is to say that the ALJ was able to distill from the entire record an assessment that plaintiff's mental functioning was limited (but not disabling), and shape an appropriate restriction to address that limitation on her ability to work.

Importantly, plaintiff misunderstands the link between an impairment found medically severe at Step 2 and functional limitations

imposed at Step 4. *See* docs. 14 & 16. A diagnosis alone does not prove inability to work, *Moore*, 405 F.3d at 1213 n. 6; 20 C.F.R. §§ 404.1505(a); 404.1520(a)(4)(iv) (severe health problems must preclude substantial gainful activity, not simply exist), and the mere fact that an impairment is considered "severe" at Step 2 does not oblige a finding at Step 4. Indeed, if an ALJ finds a severe impairment at Step 2, all that is required is that the impairment be considered in the remaining steps of the sequential analysis. 20 C.F.R. §§ 404.1523, 416.923; *see Gunderson v. Astrue*, 371 F. App'x 807, 809 (9th Cir. 2010) (the ALJ is not required, as a matter of law, to include all the limitations from the impairments deemed severe at Step 2 in his final RFC analysis). And after finding her depression medically severe at Step 2, the ALJ fully accommodated those functional limitations imposed by it that were supported by the record. He did not err.

Plaintiff's final contention is that, since he rejected the agency reviewing physicians' findings and the consultative examiner failed to opine on her mental RFC, the ALJ was required to order a psychological consultative examination to supplement the record. Doc. 14 at 11; *see* 42 U.S.C. § 421(h) (the Commissioner must "ma[k]e every reasonable

effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment."). It is well-established that the ALJ has a basic duty to develop a full and fair record. 20 C.F.R. § 416.912(d). Nevertheless, the claimant bears the burden of proving that she is disabled, and, consequently, she is responsible for producing evidence in support of her claim. *See* 20 C.F.R. § 416.912(a) (the burden is on the claimant to "furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)"); 20 C.F.R. § 416.912(c) (the claimant "must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say you are disabled"). Where nothing in the record indicates an "ambiguity or insufficiency . . . that must be resolved," 20 C.F.R. §§ 404.1519a(b)(1), (4), 416.919a(b)(1), (4), a consultative examination is unnecessary.

Plaintiff offers nothing but her own suggestion that a consultative examiner's opinion would have further elucidated the record, much less undermined *her own testimony* regarding her daily activities and behavior and the signs and symptoms recorded in her medical records. Nor does she explain why, given the opportunity to do so at the hearing,

she failed to request a consultative examination be performed or asked for the record to remain open for additional evidence to be submitted to meet her burden. Tr. 31 (counsel did not report "any outstanding records related to the disability determination"), 69-72 (offering argument before closing the record); *see Mosley v. Acting Comm'r of Soc. Sec. Admin.*, 633 F. App'x 739, 742 (11th Cir. 2015) ("because [plaintiff] was represented by counsel, the ALJ did not have a heightened duty to probe into all relevant facts surrounding her disability claim."). Where the ALJ did not find any ambiguity and plaintiff herself points to none, aside from her own speculation a consultative examination would offer her better functional limitations than those assessed by the ALJ, there is simply nothing to supplement.

Plaintiff has not demonstrated any error in the ALJ's mental RFC assessment.[5]

---

[5] Priester criticizes the Commissioner's brief as providing inapposite authority. Doc. 16 at 1-2. The Court notes, however, that plaintiff explicitly relies on *Sneed v. Barnhart*, 214 F. App'x 883, 886 (11th Cir. 2006), to require "a psychological consultation where there is evidence of a mental impairment." Doc. 14 at 11; doc. 16 at 2. That case dealt with evaluating whether a medically determinable impairment is severe at Step 2, *not* functional limitations at Step 4, and is inapposite here. She also emphasizes *Haag v. Barnhart*, 333 F. Supp. 2d 1210, 1220 (N.D. Ala. 2004), as admonishing ALJs that they are "not [ ] doctor[s], and [ ] cannot make independent medical findings concerning Plaintiff's mental impairments without medical support." Doc. 14 at 11; doc. 16 at 2. That sounds reasonable, but again is beside the point. *Haag* dealt with an ALJ that pontificated about claimant's hypothetically improved

B.  Plaintiff's Credibility

The ALJ discredited plaintiff's subjective testimony as to the debilitating extent of her symptoms as "only partially consistent with the treatment record, activities of daily living and clinical exam findings." Tr. 15. He noted she lived with and cared for family, performed chores, and had inconsistently complained of mental health deficits and only recently sought out formal treatment. *Id.* at 15-16. Her diabetes symptoms, "normally controlled with diet, exercise, and medication," were worsened by her "history of not watching her diet and checking her blood sugar levels." *Id.* at 15. Finally, he explained, the unremarkable clinical examination findings undermined her allegations of disabling pain. *Id.*

When a claimant attempts to establish disability based on her pain or other subjective symptoms, a three-part "pain standard" applies. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). It requires: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain;

---

condition *with treatment*, predicating his denial of benefits on "the mere possibility of treatment that would improve the plaintiff's condition[.]"  333 F. Supp. at 1220. That has absolutely no relevance to this case, where the ALJ concluded based on the evidence of record that plaintiff's depression did not impose disabling limitations.

11

or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Id.* at 1225; *see also* 20 C.F.R. § 404.1529(a)-(b). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the pain or other symptoms, then the ALJ evaluates the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. §§ 404.1529(b), 416.929(b). The ALJ may consider the history and testimony, medical signs and laboratory findings, medical opinion evidence, and any other evidence of record describing how the pain affects his daily activities and ability to work. *Id*. §§ 404.1529(c), 416.929(c).

Here, the ALJ permissibly pointed to a series of admitted daily activities contradicting allegations of disability, tr. 15, though plaintiff offers that they were not so varied as to support a capacity for full-time work. Doc 14 at 16. She also contends that her inconsistent self-reports of depressive symptoms, tr. 15, are merely in keeping with the nature of mental health conditions, which "do not always affect a person in the same way or to the same degree throughout time." Doc. 14 at 16. But she cites the very regulation the ALJ relied upon, which

requires him to take a longitudinal view of the record. *Id.* (citing 20 C.F.R. § 404, subpt. P, App. 1, § 12.00D(2). The ALJ *did* take that view, noting that over time she had not consistently complained of symptoms reflecting an inability to work or failed to provide for her own self-care. Tr. 15. And the fact that the evidence might be susceptible to a different conclusion is not enough to warrant remand for reconsideration of that evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 118-59 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.").

Plaintiff argues that the ALJ erred in discrediting her subjective pain testimony based on a selective presentation of the evidence. For example, she notes that her peripheral neuropathy pain and "blood sugar levels were uncontrolled" even when compliant with medication, objective imaging showed degenerative changes in her right knee, and examinations revealed diminished sensation and strength in her bilateral feet. Doc. 16 at 4 (citing tr. 424, 466, 506, 527, 555, 566, 575). The ALJ, meanwhile, only highlighted her normal CT scans, x-rays, and clinical findings. Tr. 15. But plaintiff's accusation that the ALJ

13

cherry-picked the record cannot be supported by her own citation to crumbs of favorable evidence. An ALJ is not required to refer to every piece of evidence in his decision. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) ("there is no rigid requirement that the ALJ specifically refer to every piece of evidence . . . so long as [it] . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [plaintiff's] medical condition as a whole."). Thus, the ALJ's citation to substantial, *unfavorable* evidence is not for this Court to second-guess simply because plaintiff can pick out her own *favorable* evidence. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) ("[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings.").

Indeed, the ALJ's opinion does not reflect that he ignored or omitted favorable portions of the record, but that he considered the record as a whole. Even if his summation of that record could have been more verbose, that in itself does not demonstrate that he failed to examine it. Plaintiff has not shown the ALJ erred in his subjective pain testimony analysis. Instead, she is simply asking the Court to reweigh the ALJ's credibility finding. And it is the function of the Commissioner,

and not the court, to pass on the credibility of witnesses. *Taylor v. Comm'r of Soc. Sec. Admin.*, 213 F. App'x 778, 779 (11th Cir. 2006); *Cartwright v. Heckler*, 735 F.2d 1289, 1290 (11th Cir. 1984); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1242 (11th Cir. 1983).

Substantial evidence supporting the ALJ's articulated reasons is all that is required to uphold the ALJ's decision, and, as fully detailed above, the record contains evidence supporting the ALJ's reasoning -- other possible outcomes notwithstanding. *See Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones v. Dep't of Health & Hum. Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991). The ALJ did not err in discounting Priester's statements regarding the intensity, persistence, and duration of the limitations imposed by her symptoms, *see both* SSR 96-7p *and* SSR 16-3p, and his credibility finding should be affirmed.

### III. CONCLUSION

Because the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may

file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see *Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this __20th__ day of March, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA